ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :   SEALED INDICTMENT
UNITED STATES OF AMERICA         :
                                     10 CRIM 1151
    - v -                        :
                                 :
JOHN O'SHEA,                     :
                                 :
            Defendant.           :
                                 :
- - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/10

COUNT ONE

Mail Fraud in Connection with New York City
Housing Authority Contracts with Start Elevator, Inc.

The Grand Jury charges:

The Prevailing Wage Requirements

1.  At all times relevant to this Indictment:

    a.  Federal regulations implementing the Davis-Bacon Act, Title 40, United States Code, Section 3142 et seq., required, among other things, that contracts in excess of $2,000 for work on projects financed in whole or in part by loans or grants from the United States (hereinafter "federally-funded projects") contain a provision requiring that contractors and subcontractors a) pay laborers and mechanics working on the federally-funded projects at a rate not less than the prevailing wage for laborers and mechanics employed on similar projects in the same geographical area in which the work is to be performed (the "prevailing wage") and b) submit payrolls to the government agency that is a party to the contract, along with a certification that they paid their workers not less than the wage the United States Secretary of Labor determines to be the

prevailing wage.

b. Federal regulations implementing the Davis-Bacon Act provided that if a worker on a federally funded project was being paid at less than the prevailing wage rate, the government agency could terminate the contract or withhold payment from the contractor to make up the difference between what the worker was paid and what the law required the worker to be paid. In addition, the United States Department of Labor had the authority to sue the contractor, to stop payments going to general contractors and sub-contractors for the amount of back wages owed, and to debar repeat offenders.

### The New York City Housing Authority

2. The New York City Housing Authority ("NYCHA") is, and at all times relevant to this Indictment was, a public benefit corporation created under New York State law that administers federally-funded contracts. NYCHA's mission is to provide affordable housing to eligible low-income individuals.

3. NYCHA operates approximately 334 housing developments throughout the City of New York and as part of the operation and maintenance of those developments, NYCHA contracts with companies to provide services, including the repair, maintenance, and modernization of elevators operating within these developments.

4. NYCHA regularly solicits bids for companies to provide such services to elevators within these housing developments. Once NYCHA selects a bidder to perform elevator

services, NYCHA enters into a contract with that company, which among other things, requires that the company pay its employees a prevailing wage.

5. Once work commences, the contract requires the company to provide certified payrolls to NYCHA verifying the wage rate that is being paid. NYCHA relies upon the certified payrolls to, among other things, issue payments to the contractor for work performed by employees pursuant to the contract.

### The Defendant

6. From in or about December 2000, up to and including November 2010, JOHN O'SHEA, the defendant, was an owner and the president of Start Elevator, Inc. ("Start Elevator"), a company that primarily performs elevator repair, maintenance and modernization. Start Elevator is licensed to do business in the state of New York.

### Contracts Between NYCHA and Start Elevator

7. From in or about 2000 up to and including in or about 2003, Start Elevator entered into approximately ten contracts with NYCHA (the "NYCHA contracts") to repair, maintain and modernize elevators at various housing developments throughout New York City. Each of those contracts required that Start Elevator pay a prevailing wage to its employees and to confirm such payments through the provision of certified payrolls of its employees to NYCHA. Once work on the NYCHA contracts began, Start Elevator began regularly providing certified payrolls to NYCHA and NYCHA, in turn, began issuing payments to

Start Elevator for the work performed pursuant to the NYCHA contracts.

### The Fraudulent Scheme

8. From in or about 2002, up to and including in or about 2007, JOHN O'SHEA, the defendant, knowingly caused the submission of fraudulent certified payrolls (the "Certified Payrolls") from Start Elevator to NYCHA. As O'SHEA knew, the Certified Payrolls overstated the actual payments made to the employees of START ELEVATOR who were working pursuant to the NYCHA contracts. In fact, O'SHEA caused other employees of Start Elevator, who were responsible for managing the payroll at Start Elevator, to inform various payroll companies of an hourly wage rate for employees that was lower than the prevailing wage for such employees and also was lower than the wages for the same employees that were set forth in the Certified Payrolls. Ultimately, NYCHA reimbursed Start Elevator by mail for employees' wages at amounts far greater than Start Elevator had actually paid its employees. Between 2002 and 2007, the total amount of salary that was underpaid by Start Elevator to workers employed on projects related to NYCHA contracts was in excess of $1.1 million.

### Statutory Allegation

9. From in or about 2002, up to and including in or about 2007, in the Southern District of New York and elsewhere, JOHN O'SHEA, the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money

-4-

and property by means of false and fraudulent pretenses, representations, and promises, to wit, a scheme to submit materially false certified payrolls to NYCHA in violation of federal prevailing wage requirements, for the purpose of executing such scheme and artifice and attempting to do so, did place and cause to be placed in post offices and authorized depositories for mail matter, matters and things to be sent and delivered by the Postal Service, and did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carriers, and did knowingly cause to be delivered by mail and such carriers according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, such matters and things, to wit, reimbursement from NYCHA for employees wages at amounts far greater than Start Elevator had actually paid its employees.

(Title 18, United States Code, Sections 1341 and 2.)

## COUNT TWO

### False Statements

The Grand Jury further charges:

10.  The allegations of paragraphs 1 through 8, above, are repeated and realleged as though set forth in full in this Count.

### The False Statements

11.  JOHN O'SHEA, the defendant, repeatedly made and caused others to make false statements on the Certified Payrolls,

knowing them to be false. Those false statements included misrepresentations relating to the wages paid to workers of Start Elevator pursuant to the contracts. O'SHEA and others acting at his direction made it appear in the Certified Payrolls as though all Start Elevator employees were paid the prevailing wage for their work on the NYCHA contracts, when in fact they had been paid less than the prevailing wage. Although the lowest applicable prevailing wage for Start Elevator employees working on NYCHA contracts was a rate of $39.23 per hour for mechanics and $23.51 to $39.94 per hour for apprentices, plus a premium for overtime work, JOHN O'SHEA, the defendant, paid numerous employees as little as $12.86 per hour for mechanics and $12.00 per hour for apprentices for all hours worked.

## Statutory Allegation

12. From in or about 2002, through in or about 2007, in the Southern District of New York and elsewhere, JOHN O'SHEA, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, specifically, a matter within the jurisdiction of the United States Department of Labor, a department and agency of the United States, unlawfully, willfully and knowingly did falsify, conceal, and cover up by trick, scheme and device material facts, make materially false, fictitious, and fraudulent statements and representations and make and use false writings and documents knowing the same to contain materially false, fictitious, and fraudulent representations and entries, to wit, O'SHEA, in order

to conceal the fact that he had not paid the prevailing wage to employees working on NYCHA contracts and to make it appear that Start Elevator had paid the prevailing wage, made and caused to be submitted to NYCHA false certified payrolls that misrepresented the wages such employees had been paid.

(Title 18, United States Code, Sections 1001 and 2.)

### FORFEITURE ALLEGATION

13. As the result of committing the offenses charged in Counts One and Two of this Indictment, JOHN O'SHEA, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to the following:

### Money Judgment

a. $1,108,698.11 in United States currency, in that such sum constitutes or is derived, directly or indirectly, from proceeds obtained as a result of the offenses charged in Counts One and Two, for which the defendant is liable.

### Substitute Asset Provision

b. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or

deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981 and
Title 28, United States Code, Section 2461.)

_____          _____
FOREPERSON                                PREET BHARARA
                                          United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

- v. -

JOHN O'SHEA,

**Defendant.**

---

**INDICTMENT**

10 Cr. ____

(Title 18, United States Code, Sections 1001 & 1341)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

Foreperson.

---

RC
11/16/10

Indictment filed; arrest warrants issued.

F. Maas, USMJ